DRAKEFORD v. SUPREME CONCLAVE KNIGHTS OF DAMON.

1. NEW TRIAL.—EXCEPTION asking reversal of judgment because new trial was refused, not considered, because the record does not show (1) that grounds set out in exceptions were urged before trial Judge in the motion; (2) that jury ignored the charge.

2. HARMLESS ERROR.—Instruction, "if you find there was such a contract," the execution of the contract not being in question, was

harmless error to defendant, as plaintiff could not recover outside of the contract.

3. IBID.—INSURANCE.—Where Judge first instructed jury that the application was a part of the contract, and afterwards, "if you find his application was a part of the contract," it is harmless error.

4. FRAUD—INSURANCE.—If an applicant for insurance make untrue statements to a physician, and conceals facts to induce a society to insure him, it is a fraud on the society.

5. CHARGE—INSURANCE—ILLNESS.—Serious illness, in application for insurance, defined to be an illness that permanently impairs health, and such instruction in construing a contract is not a charge on the facts.

6. EXCEPTIONS not considered, because not pointing out specific errors.

7. LIQUORS—INTEMPERANCE—JURY.—It is a question of law, whether the occasional use of intoxicating liquors, or an occasional case of excess, renders a person of intemperate habits, but it is for the jury to determine whether the use or excess is occasional or habitual in a particular case.

Before TOWNSEND, J., Kershaw, September, 1900.   Affirmed.

Action on benefit certificate by Kate Drakeford, by guardian *ad litem,* against Supreme Conclave Knights of Damon. From judgment for plaintiff, defendant appeals.

*Messrs. O. J. Wimberly* and *W. M. Shannon,* for appellant, cite: *The jury must follow the instructions of the trial Judge as to the law:* 16 S. C., 14; 19 S. C., 489.

*Messrs. W. D. Trantham* and *J. T. Hay,* contra.   Oral argument.

August 3, 1901.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The appellant's attorney precedes his argument with the following statement of the case: "This is an action by the beneficiary to collect the amount of a certificate of insurance issued on the life of John R. Drakeford by the defendant, an insurance association.   Payment of the certificate is resisted by the defendant on the grounds, first,

of misrepresentment and concealment in the application of
insurance; and second, on account of the continuous and
excessive intemperate habits of the insured, both before and
after the certificate was issued, by which habits his health
was seriously impaired.    The case was tried before Judge
and jury at September term of Court for Kershaw County,
and a verdict rendered for plaintiff for the full amount sued
for.    A motion for a new trial was made on the minutes of
the Court, and the motion was refused by the presiding
Judge.    This case comes up to this Court on appeal from
the verdict and from the refusal of the Circuit Judge to
grant a new trial.

"Two grounds of appeal are presented to this Court:
First, that the jury ignored the charge and instructions of
the presiding Judge; and second, that the Judge in certain
particulars erred in his charge, by which he confused or
misled the jury.    The first nine exceptions of the defendant
refer to matters in which the charge of the Judge was
ignored by the jury.    The Circuit Judge charged the jury
that they must decide this case by the preponderance of the
evidence.    Under this instruction the jury was directed to
consider this case, to take the testimony laid before them in
the case, and decide it by the preponderance of the evidence.
If the jury failed to so consider and decide the case, then
they disregarded and ignored the charge, and the Judge
should have set the verdict aside and ordered a new trial.
The question here is not whether there was sufficient evi-
dence to sustain the verdict of the jury.    That would be a
matter which this Court would not consider, as it is in the
discretion of the Circuit Judge to determine it.    But the
question made by this appeal is whether the jury has not dis-
regarded the charge of the Circuit Judge.    Whether they
have not refused to accept the law as given them by the
Court.    If they have, then the presiding Judge should have
set the verdict aside, and if this Court concludes that the
jury did disregard and ignore the charge of the Circuit
Judge, then it must follow that he erred as matter of law in

not setting the verdict aside and ordering a new trial."

The first nine exceptions assign error, because his Honor, the presiding Judge, erred as matter of law in refusing defendant's motion for a new trial, the jury having ignored his charge and instructions in the particulars therein mentioned, contrary to the testimony. The order refusing the motion for a new trial is as follows: "The jury having rendered a verdict for the plaintiff in this action, and the defendant having made a motion for a new trial on the minutes of the Court, and, after hearing argument of counsel on the motion, and duly considering the same, it is adjudged and ordered, that a new trial be, and the same is hereby, refused, and the motion dismissed." The exceptions cannot be considered by this Court for the following reasons: 1st. The record fails to disclose the fact that the grounds set forth in said exceptions were made the basis for the motion for a new trial. 2d. The record does not show that the jury ignored the charge and instructions of the presiding Judge, and as this is a case involving legal issues, this Court is inhibited by the Constitution from determining the fact from the testimony.

The tenth exception is as follows: "That his Honor erred in his charge to the jury in saying to them, 'If you find there was such a contract,' the execution of the contract between John R. Drakeford and the defendant not being in issue." This language was used in charging the defendant's tenth request, which was as follows: "If the jury should believe that the health of the deceased, John R. Drakeford, became substantially impaired from the use of alcoholic liquors, then the plaintiff cannot recover, although he may not have indulged in strong drink so long or so frequently as to become habitually intemperate." His Honor said: "I charge you that, under the terms of the contract, if you find there was such a contract, you will see it says 'substantially impaired,' the very words I used a while ago—probably I said materially impaired; it says here substantially impaired, which means the same thing." The

execution of the contract was not in issue, and the passing remark was harmless error. If it had any effect, it was prejudicial to the plaintiff and not the defendant, as she could not recover unless there was such a contract.

The eleventh exception is as follows: "That his Honor erred in his charge to the jury, in saying to them: 'If you find his application was part of the contract,' it being the duty of the Court to determine whether the application was a part of the contract, and his Honor having previously stated to the jury that the application or petition for membership was a part of the contract." This question does not seem to have been contested, and as the exception shows that his Honor told the jury that the application for membership was a part of the contract, there was no prejudicial error.

The twelfth exception is as follows: "That his Honor erred in his charge to the jury in using the expression: 'If you find there was such a contract,' and 'if you find his application was part of the contract,' as these expressions tended to confuse and mislead the jury." This is disposed of by what was said in considering the eleventh exception.

The thirteenth exception is as follows: "That his Honor erred in his charge to the jury in saying to them in reference to the third request of defendants, 'because it would be a matter of fraud if he made his misstatements and concealed facts in order to induce the company to do these things,' as this expression tended to mislead and confuse the jury." The third request of the defendant was as follows: "If the jury believes that John R. Drakeford made untrue statements in his statements to medical examiners, to induce this order to enter into this contract of insurance, then plaintiff cannot recover." His Honor said: "I charge you that, because it would be a matter of fraud if he made misstatements and concealed facts in order to induce the company to do these things, that would be a fraud upon the company." If the deceased made misstatements and concealed facts in order to induce the company to

enter into the contract, we cannot conceive how any other inference could be drawn than that it was a fraud upon the rights of the defendant.

The fourteenth exception is as follows: "That his Honor erred in his charge to the jury in reference to the seventh request of defendant, in saying, 'sickness may be very bad and very sad, and yet not serious,' as this expression tended to confuse and mislead the jury, and it was a question for the jury to decide, whether a very bad and very sad sickness was a serious sickness." The defendant's seventh request was as follows: "That if the jury believed that John R. Drakeford had been confined to his bed with any serious illness at any time within a period of five years just preceding this application of insurance, then plaintiff cannot recover." The presiding Judge said: "I charge you that with this qualification, that serious illness does not mean any insignificant illness; serious illness, as I understand and construe it, means something that injures him permanently; a sickness may be very bad and very sad, and yet not serious. Any permanent impairment or material impairment of health, that is what I understand the law to mean, when it says serious illness." The presiding Judge used these words in construing the terms of the contract, and not for the purpose of commenting on the facts of the case.

The fifteenth exception is as follows: "That his Honor erred in not charging the defendant's eleventh request to charge in the form it was presented." His Honor commented on this request at considerable length. The exception does not specify wherein there was error, and it cannot be considered.

The sixteenth exception is as follows: "That his Honor erred in charging the plaintiff's second request to charge." The presiding Judge likewise commented on this request at great length, and as the exception fails to point out the specific error, it cannot be considered.

The seventeenth exception is as follows: "That his Honor

erred in charging the jury in reference to plaintiff's third request to charge, 'that has been decided by the United States Court,' and 'although the law has been so decided,' for in so charging the jury he indirectly charged on the fact, and thereby invaded the province of the jury." The third request was as follows: "That, in a question as to the habits of the insured, the occasional use of intoxicating liquors does not render the insured a man of intemperate habits, nor would an occasional case of excess justify the application of this character to him." His Honor said: "That has been decided by the United States Court. Our Constitution forbids me to charge on the facts. I will not charge that as it is, although that law has been so decided. If I charge you what would constitute intemperate habit, that would be charging on the facts. Therefore, I will say to you the Supreme Court says, in a case of adultery, what constitutes adultery, the habitual intercourse, means more than the occasional intercourse, but it is for the jury to say how frequent to make habitual. I will not say what amount must be taken to make him intemperate. You must hear the facts of the case, and then say whether the man was intemperate or not. Therefore, I will not charge that as it is." Although the presiding Judge did not charge the said request, he might very properly have done so, as it embodies a sound proposition of law. It is a question of law whether the occasional use of intoxicating liquors, or an occasional case of excess, renders a person of intemperate habits, but it is for the jury to determine whether the use or excess is occasional or habitual in a particular case.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.